Slocum agt. Freeman.

# COURT OF APPEALS.

HIRAM SLOCUM, respondent, agt. PLINY FREEMAN and another, appellants.

Where the judgment creditor and the judgment debtor in the judgment, agreed upon a compromise of settlement of the judgment, and that the judgment was agreed to be *satisfied* on certain specific terms and conditions, and the defendant, instead of complying with the terms of the settlement, wrongfully, if not fraudulently, obtained a satisfaction-piece, prepared and executed by the plaintiff, and deposited by him with a third party to be delivered on defendant's complying with said terms and conditions of settlement, and filed and entered such satisfaction-piece, and procured a discharge of the judgment.

*Held*, that the plaintiff was entitled to have the satisfaction-piece canceled and the lien of the judgment restored.

T. R. WESTBROOK, *for respondent.*
*No points for appellants.*

DAVIES, *Ch. J.*—This action was instituted to compel a cancellation of a satisfaction of a judgment recovered by this plaintiff against these defendants. The facts found by the referee, before whom the action was tried, are these :

1. That on the 17th of March, 1852, the above-named plaintiff recovered a judgment in the supreme court of this state, against the above-named defendants, for the sum of $2,200.19 ; that the judgment-roll in said action was duly filed in the clerk's office of the city and county of New York, in which office said judgment was duly docketed.

2. That the plaintiff, after the recovery of said judgment, and some time in the winter of the year 1853 agreed to com-

Slocum agt. Freeman.

promise and settle the said judgment for the sum of $763.95, to be secured by the note of said defendant Pliny Freeman, payable in thirty months, with interest from the 10th day of February, 1853 ; that to carry out the said agreement, the plaintiff signed and acknowledged a satisfaction-piece of said judgment, dated March 16, 1853, which he delivered to one John W. Martin, with instructions to deliver the same to the defendants upon the receipt of the note of Pliny Freeman for the amount, and payable with interest and in the time before mentioned ; that said Martin was not to deliver said satisfaction-piece upon any other terms, nor did the said Slocum agree to compromise and settle the above judgment upon any other terms than those before mentioned.

3. That the defendants have not complied with these terms, but on the contrary thereof, the said Martin delivered the said satisfaction-piece to the defendant Pliny Freeman, under the impression and belief that the note which he then received for the plaintiff conformed to the agreement, whereas the said note was not drawn payable with interest, as the agreement required.

4. That said Martin, and in due time, and as soon as he discovered the mistake, and that said note did not conform to the agreement, returned the same to the defendant, Pliny Freeman, for correction, who then retained the said note, and refused to execute a note in conformity with said agreement, or to restore and return said satisfaction-piece as he was requested to do ; that said Freeman having improperly refused to execute and deliver a note in conformity with said agreement, or to return said satisfaction-piece, on or about the 26th of September, 1853, improperly procured said satisfaction-piece to be filed in the clerk's office of the city and county of New York, and the judgment to be marked canceled of record.

And said referee found, as conclusions of law :

1. That the plaintiff is entitled to a judgment.

2. That the satisfaction-piece delivered, as before mentioned,

be vacated and set aside, and that said judgment be restored to full force, life and effect.

3. That the whole amount of said judgment is due and unpaid, except the sum of $200, which is to be allowed as of the 30th day of April, 1853; but that such judgment shall not be a lien on any real estate or chattels real conveyed since the satisfaction of said judgment to *bona fide* purchasers or incumbrancers by said defendants, or either of them, before the commencement of this action.

Judgment was thereupon entered in conformity with said report in favor of the plaintiff, with costs, and on appeal the same was affirmed at general term, and thereupon the defendants appeal to this court.

The appellants submit no points. The defendants asked for no affirmation or relief in their answer.

Upon the facts found by the referee the judgment was clearly correct, and as there does not appear to have been an exception taken, nothing is reviewable in this court except to the conclusions of law found by the referee. If they are correct there is nothing for this court to pass upon.

It is too plain to need argument or authority to sustain the position that, upon these facts the plaintiff was entitled to judgment. The original judgment was agreed to be satisfied on certain specific terms and conditions. The defendants did not comply therewith, and, therefore, they were not entitled to have the judgment satisfied except upon payment of the amount due thereon. It is not pretended that they have ever done, or offered to do this. They did, however, wrongfully obtain a satisfaction-piece, prepared and executed by the plaintiff, and deposited by him, with a third party, to be delivered on the defendants complying with said terms and conditions. They obtained that satisfaction-piece without complying with said terms and conditions, wrongfully if not fraudulently, and used the same in procuring the cancellation of said judgment of record. The plaintiff was entitled to have said satisfaction-piece canceled and the lien of said judg-

ment restored. This has been done by the judgment entered in this action, properly guarding the rights of *bona fide* purchasers or incumbrancers since said judgment was canceled of record.

The judgment was in all respects correct, and should be affirmed, with costs.

All concur.

Affirmed.